ANDREW LARSON v. CITIZENS STATE BANK
OF WESTBROOK.[1]

May 2, 1919.

No. 21,257.

**Evidence — best and secondary.**

> In an action by a depositor to recover a bank deposit, he can show by parol that he made a deposit and need not require the production of the bank's books, and conversations with one in the bank designated cashier and acting as such may be shown without proofs of his appointment and actual authority. Such testimony is not objectionable as not the best evidence or as stating a conclusion, or because the authority of the cashier was not shown.

Action in the district court for Cottonwood county to recover $551.80 deposited by plaintiff in defendant bank. The amended answer alleged that prior to February 3, 1914, the bank became insolvent and the superintendent of banks took charge of it, as provided by law; that legal notice was given plaintiff to file his claim; that plaintiff failed to do so and did nothing toward the collection thereof during the time the bank was in the hands of the superintendent. The case was tried before Nelson, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*John L. Sammons* and *Haycraft & Palmer,* for appellant.
*Wilson Borst,* for respondent.

DIBELL, J.

This is an action to recover money deposited by the plaintiff in the defendant bank. There was a dismissal on the motion of the defendant at the close of plaintiff's testimony. Plaintiff's motion for a new trial was granted upon the ground of errors of law occurring at the trial. The defendant appeals.

The complaint alleges that in 1913 the plaintiff deposited certain mon-

[1]Reported in 172 N. W. 125.

eys in the defendant bank and that on February 3, 1914, there remained a balance of $551.80, which the plaintiff demanded and which the defendant refused to pay.

The court excluded the testimony of the plaintiff that he made deposits in 1913, apparently upon the ground that such testimony was not the best evidence and that it was a conclusion; and upon the same grounds, and the additional ground that authority was not shown, proof of conversations with one in the bank designated cashier and acting as such was excluded.

The law does not require a depositor to produce the books of the bank in proof that he deposited money with it, nor is testimony that he deposited money objectionable as stating a conclusion, nor need one dealing with a bank relative to a deposit show the appointment or actual authority of one designated as cashier and acting as such with whom he talks about his deposit. The rulings mentioned were erroneous.

Other rulings are assigned as error. We need not discuss them. An inspection of the record indicates that the defendant was overly technical in its objections and that the plaintiff, although his evidence might have been more neatly offered, and objections interposed easily avoided, was unduly restricted in his proofs. Indeed the record fairly suggests that the one or more defenses which the defendant claims are not inconsistent with the fact of a deposit in 1913, and that no necessary question of evidence is involved.

The court was right in granting a new trial.

Order affirmed.